UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAURA R.,

               Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
_____

**DECISION AND ORDER**

6:20-cv-07051-EAW

## INTRODUCTION

Plaintiff Laura R. ("Plaintiff") seeks attorneys' fees in the amount of $10,449.50 pursuant to 42 U.S.C. § 406(b). (Dkt. 24). The Commissioner of Social Security ("the Commissioner" or "the agency") does not object to the requested amount but defers to the Court to determine the timeliness and the reasonableness of Plaintiff's fee request. (Dkt. 25). For the reasons that follow, the Court grants Plaintiff's motion.

## BACKGROUND

On December 8, 2020, Plaintiff filed this action, seeking review of the Commissioner's final decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. (Dkt. 1). Plaintiff moved for judgment on the pleadings on November 4, 2021. (Dkt. 16). On December 6, 2021, the Court approved the parties' stipulation for remand, reversing the Commissioner's final decision, and remanding the matter for further proceedings. (Dkt. 19).

On March 4, 2022, Plaintiff brought a motion for attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), seeking $6,511.13 in legal fees incurred by her legal counsel during the course of her representation. (Dkt. 21; Dkt. 22 at 3). By Stipulated Order filed on March 10, 2022, the Court approved payment of $6,400.00 to Plaintiff's counsel for services performed in connection with this action. (Dkt. 23).

On September 13, 2022, the Commissioner issued a Notice of Award in connection with Plaintiff's claims, which stated that the Commissioner withheld $22,449.50 from Plaintiff's past-due benefits to pay for Plaintiff's attorneys' fees. (Dkt. 24-3 at 4-5). Then, on May 17, 2023, the Commissioner sent an "Important Information" letter to Plaintiff's counsel that stated that the Commissioner withheld $10,449.50, which represented the balance of 25 percent of Plaintiff's past-due benefits. (Dkt. 24-4 at 5).

On May 23, 2023, Plaintiff moved pursuant to 42 U.S.C. § 406(b) seeking $10,449.50 in attorneys' fees. (Dkt. 24). In his motion, Plaintiff's counsel indicates that his firm was awarded the sum of $6,400.00 under the EAJA, which he will refund to Plaintiff. (Dkt. 24-1 at 3). The Commissioner filed a response on June 6, 2023. (Dkt. 25).

## DISCUSSION

### I. Timeliness of the Motion

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(1). Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award. *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir.

2019).  Additionally, a presumption applies that a notice is received "three days after mailing." *Id*. at 89 n.5; *see also* Fed. R. Civ. P. 6(d).

Here, the Commissioner issued the Notice of Award on September 13, 2022, which stated that Plaintiff was awarded $89,798.00 in past-due benefits, and that the agency withheld $22,449.50 from that amount to pay for Plaintiff's attorneys' fees. (Dkt. 24-3 at 4-5). Plaintiff's § 406(b) fee application was therefore due by September 30, 2022; however, Plaintiff did not file it until nearly eight months later on May 23, 2023. (Dkt. 24).

Nonetheless, for the reasons discussed below, the Court will not deny the present fee application on the grounds of timeliness. *See Sinkler*, 932 F.3d at 89 (2d Cir. 2019) ("the 14-day limitations period is not absolute . . . [and] district courts are empowered to enlarge [the 14-day] filing period where circumstances warrant"). Here, another representative appeared on Plaintiff's behalf at the hearing level and submitted a fee petition in the amount of $17,340.00.  (Dkt. 24-1 at ¶ 7).[1]  If approved by the Commissioner, the remaining balance of Plaintiff's withheld past-due benefits would have

---

[1]   42 U.S.C. § 406(b) controls fees for representing a social security claimant in federal court, while § 406(a) addresses fees for representing a claimant in administrative proceedings at the agency level. *See* 42 U.S.C. §§ 406(a) and (b). The United States Supreme Court has explained that the cap of 25 percent applies only to fees for court representation under § 406(b) and not to the aggregate fees awarded under §§ 406(a) and 406(b). *See Culbertson v. Berryhill*, 586 U.S. at ___, 139 S. Ct. 517, 522 (2019). Despite that, "presently the agency withholds a single pool of 25% of past-due benefits for direct payment of agency and court fees" even though "[t]he agency's choice to withhold only one pool of 25% of past-due benefits does not alter the statutory text, which differentiates between agency representation in § 406(a) and court representation in § 406(b), contains separate caps on fees for each type of representation, and authorizes two pools of withheld benefits." *Id*. at 523.

been less than the EAJA award already received by counsel. (*Id.*). Because any EAJA fee must be returned upon the award of § 406(b) fees, *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . ."), Plaintiff's counsel opted not to file a § 406(b) application. (Dkt. 24-4 at 2). However, once he was notified that the fee petition of Plaintiff's hearing level representative was not approved for the full amount, and that $10,449.50 remained available for a § 406(b) fee award, Plaintiff's counsel promptly filed the instant application—within six days of receiving notice about the hearing level representative's fee application. (*See* Dkt. 24-1 at ¶ 7; Dkt. 24-4 at 5).

Under the circumstances of this case, the Court finds that enlargement of Plaintiff's 14-day filing period is warranted. However, the Court may not make a similar finding in the future. In other words, an attorney operates at the risk of having a § 406(b) application denied on grounds of timeliness when he elects not to file a § 406(b) application or seek an extension of time to do so because of a pending § 406(a) application. *See Bukilici v. Saul*, No. 3:15CV01777(SALM), 2020 WL 2219184, at *5 (D. Conn. May 7, 2020) ("Plaintiff's counsel is hereby on notice that pursuant to Sinkler, she must file all future Section 406(b) applications within Rule 54(d)'s fourteen-day deadline, unless she can demonstrate a valid reason for an untimely filing (such as a delay in receiving the notice of award). Alternatively, where, as here, plaintiff must first resolve the question of her Section 406(a) fees before filing a Section 406(b) application, then plaintiff's counsel must file a motion for extension of time. . . ."); *c.f. Bennett v. Comm'r of Soc. Sec.*, No. 17 CIV. 2067 (SLC), 2021 WL 3537165, at *4 (S.D.N.Y. Aug. 11, 2021) (accepting counsel's position that he

was not able to file § 406(b) application until he knew amount of § 406(a) fees awarded, and therefore finding application timely).

## II.     The Reasonableness of the Requested Fee

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits. Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id*. at 807 n.17. As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017). Several factors are relevant to the reasonableness

analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).  Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[,]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, Plaintiff's counsel seeks $10,449.50, which represents the balance of Plaintiff's past-due withheld benefits remaining after a 406(a) fee award was made to Plaintiff's hearing level representative. (Dkt. 24-1 at ¶ 7-8; Dkt. 24-4 at 5).  The Commissioner notes that Plaintiff's request for $10,449.50 is not greater than 25 percent of Plaintiff's total past-due benefits. (Dkt. 25 at 5).  Utilizing the factors set forth above, the Court finds that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff.  Counsel's law firm provided

effective representation resulting in Plaintiff successfully receiving the benefits sought. There is no reason to believe that Plaintiff is dissatisfied with the outcome of such representation. Here, the success of Plaintiff's claims was uncertain as demonstrated by multiple denials of her applications at the agency level. Accordingly, the hours expended by counsel's law firm were reasonable in light of the issues presented and the extent of representation.

Counsel submits that 33.6 hours of work was performed on Plaintiff's matter by attorneys and paralegals at this firm. (Dkt. 24-5). The records reveal that 26.9 hours were expended by attorneys (Dkt. 24-6), with 6.7 hours by paralegals and other support staff. (Dkt. 24-7). Accordingly, the requested fee would result in a *de facto* blended hourly rate, *i.e.*, the rate that includes both attorney and paralegal hours, of $311.00 per hour ($10,449.50 divided by 33.6 hours). Deducting the cost of 6.7 hours of paralegal time at the reported hourly rate of $100.00 per hour (Dkt. 24-1 at ¶ 10) would result in the effective hourly rate for attorney time of $363.55 per hour. The Court finds that neither the *de facto* blended hourly rate, nor the attorney hourly rate, or the overall requested attorneys' fees amount, constitutes a windfall. The effective hourly rate ranging between $311.00 and $363.55 falls well within (or below) the range of rates approved by courts under § 406(b). *See Daniel E. W. v. Berryhill*, No. 5:17-CV-0271 (DEP), 2019 WL 1986538, at *6 (N.D.N.Y. May 6, 2019) (approving a blended hourly rate ranging from $612.54 to $812.41 per hour); *Rita M. B. v. Berryhill*, No. 5:16-CV-0262 (DEP), 2018 WL 5784101, at *6 (N.D.N.Y. Nov. 5, 2018) (approving a blended rate of $564.13 per hour); *see also Fields*, 24 F.4th at 856 (an effective hourly rate of $1,556.98 was not a "windfall"); *Jennifer W. v.*

*Saul*, 18-CV-493F, 2021 WL 1624288, at *3 (W.D.N.Y. Apr. 27, 2021) (approving an effective hourly rate of $812.75); *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (effective hourly rate of $1,079.72 did not constitute "windfall" to counsel); *Mills v. Berryhill*, No. 15-CV-5502 (DLI), 2019 WL 1507923, at *2 (E.D.N.Y. Apr. 5, 2019) (effective hourly rate of $1,007.78 was reasonable).

Counsel's successful representation ultimately achieved reversal of the Commissioner's decision and remand of Plaintiff's applications for further proceedings and payment of benefits. (Dkt. 24-1 at ¶ 9). The Court is also "mindful that 'payment for an attorney in a social security case is inevitability uncertain.'" *Buckley v. Berryhill*, 15-CV-0341-A, 2018 WL 3368434, at *2 (W.D.N.Y. July 10, 2018) (quoting *Wells*, 907 F.2d at 371). Accordingly, "the Second Circuit has recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id.* (quotation marks omitted).

The Court also notes that counsel is required to return the previously awarded EAJA fee of $6,400.00 to Plaintiff. (Dkt. 23). *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for attorneys' fees under § 406(b) (Dkt. 24) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel is awarded

attorneys' fees in the amount of $10,449.50; and (2) Plaintiff's counsel is hereby directed to refund the previously awarded EAJA fee of $6,400.00 to Plaintiff.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   November 27, 2023
         Rochester, New York